RECEIVED
IN MONROE, LA

JUN 1 9 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **Cr. No. 03-30013-03** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MARVIN CHAPPELL** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

This matter is before the Court for consideration under 18 U.S.C. § 3582(c)(2).

On March 17, 2004, Defendant Marvin Chappell ("Chappell") pled guilty to conspiracy to distribute 50 grams or more of crack cocaine.[1] Following Chappell's plea, the United States Probation Office ("USPO") conducted a pre-sentence investigation and issued a Pre-Sentence Report. The probation officer determined that Chappell's range of imprisonment under the United States Sentencing Guidelines ("the Guidelines") was 292-365 months. The Court held a hearing on July 22, 2005, and sentenced Chappell to 292 months imprisonment. A Judgment imposing that term of imprisonment was signed on July 25, 2005.

On November 1, 2007, the United States Sentencing Commission's ("the Sentencing Commission's") Amendment 706, as further amended by Amendment 711, to U.S.S.G. § 2D1.1, Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy, took effect. Amendment 706 generally reduces by two levels the base offense levels applicable to cocaine base or crack offenses under

---

[1]Chappell later attempted to withdraw his guilty plea, but the Court denied his motion. [Doc. Nos. 220 & 221].

1

the Guidelines. On December 11, 2007, the Sentencing Commission voted in favor of applying the amendment retroactively to crack offenses, effective March 3, 2008. The Sentencing Commission also promulgated amendments to Policy Statement § 1B1.10, Reduction in Term of Imprisonment as a Result of Amended Guidelines Range, which implemented the retroactive application of Amendment 706, as amended by Amendment 711, effective March 3, 2008.

After the Sentencing Commission's amendments to the base offense levels for crack, the Court began, *sua sponte*, to review defendants potentially affected by those amendments. Chappell was identified by the USPO as a person whose sentence might be subject to reduction.

The USPO provided the Court with revised Guidelines calculations based on the amendments to Section 2D1.1. The USPO determined that Chappell was not eligible for a reduction in his term of imprisonment because he was sentenced as a career offender.

On August 11, 2008, the Court issued an order appointing the Office of the Federal Public Defender to represent Chappell. Based on the information provided by the USPO, the August 11, 2008 Order provided notice that the Court did not intend to reduce Chappell's term of imprisonment because he was sentenced under § 4B1.1 of the Sentencing Guidelines, applicable to career offenders, rather than under § 2D1.1, the Sentencing Guidelines for crack cocaine offenses. Finally, the August 11, 2008 Order required counsel to file by October 7, 2008, a notice stating (1) whether a hearing is requested or waived and (2) whether there are any objections to the re-calculation and/or to the Court's proposed term of imprisonment. Counsel were also provided a copy of the USPO's revised calculations.

The Government and Chappell have filed sentencing memoranda under seal. Chappell admits that he was sentenced as a career offender under § 4B1.1 and acknowledges that, under

2

*United States v. Moore*, 308 Fed.Appx. 860, 2009 WL 247826 (5th Cir. Feb. 3, 2009), a person sentenced as a career offender is not normally entitled to a reduction under § 3582(c)(2). However, Chappell argues that he was improperly sentenced as a career offender. One of his predicate offenses was for delivery of a controlled substance under Texas law, but the Fifth Circuit ruled, after Chappell was sentenced, that delivery of a controlled substance in Texas includes an "offer to sell" and that an "offer to sell" is not a controlled substance offense.[2] *United States v. Price*, 516 F.3d 285 (5th Cir. 2008). Therefore, Chappell contends that he should not have been sentenced as a career offender, that he should have been sentenced under § 2D1.1 Guidelines for crack cocaine, and that he should now receive a reduction after application of the 18 U.S.C. § 3553(a) factors. To the extent that his argument is in conflict with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10, Chappell argues that *United States v. Booker,* 543 U.S. 220 (2005), and its progeny apply to § 3582(c)(2) proceedings and that the Court can disregard § 1B1.10 under *Booker*.

In response, the Government argues that Chappell was sentenced as a career offender, his Guideline range was not affected by the amendment to § 2D1.1, and he is not entitled to a reduction in his term of imprisonment. Further, Chappell's career offender status is not properly

---

[2]The Indictment charged that Price did "'knowingly and intentionally deliver, to wit: actually transfer, constructively transfer and offer to sell a controlled substance, to wit: COCAINE' in violation of section 481.112(a) of the Texas Health and Safety Code." *United States v. Price*, 516 F.3d 285, 288 (5th Cir. 2008). The definition of "drug trafficking offense" under the Guidelines "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)." *Id.* at 287 (quoting *United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir. 2007) (internal quotation marks and other citations omitted). While the actual transfer (i.e. distribution), and perhaps the constructive transfer, of a controlled substance is a controlled substance offense, Price's Indictment left open the possibility that he was convicted for merely offering to sell a controlled substance. *Price*, 516 F.3d at 288-89.

before the Court under § 3582(c)(2). While the Government found no indication that the *Price* decision has or should be applied retroactively, even if it could be applied retroactively, the Government argues that § 3582(c)(2) is not the proper vehicle for doing so. Finally, the Government contends that *Booker* and its progeny do not apply to § 3582(c)(2) proceedings.

## A. Analysis

Section 3582(c)(2) provides:

The court may not modify a term of imprisonment once it has been imposed except that-

...

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) is discretionary. *United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). However, the statute requires the Court to consider whether its proposed reduction is consistent with the Sentencing Commission's policy statements. In this case, the policy statement is contained in U.S.S.G. § 1B1.10 (effective March 3, 2008), which provides:

(b)     Determination of Reduction in Term of Imprisonment--

(1)     In General.-In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall

4

> substitute only the amendments listed in subsection (c) for the
> corresponding guideline provisions that were applied when the
> defendant was sentenced and shall leave all other guideline
> application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1) (Supp. to the 2007 Guidelines Manual).

The Court finds that it has no authority under § 3582(c)(2) to reduce Chappell's term of

imprisonment because he was not "sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." As the Fifth Circuit

explained in *Moore*:

> Moore has not shown that the district court abused its discretion in denying his
> motion to reduce his sentence. A reduction in Moore's base offense level under §
> 2D1.1 pursuant to Amendment 706 would not affect his guidelines range of
> imprisonment, because the guidelines range was calculated under § 4B1.1.
> Because Moore's guidelines range of imprisonment was not derived from the
> quantity of crack cocaine involved in the offense, Moore was not sentenced based
> on a sentencing range that was subsequently lowered by the Sentencing
> Commission. See § 3582(c)(2). To the extent that Moore argues that the district
> court had the discretion to reduce his sentence under § 3582(c)(2) in the light of
> *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),
> the argument is unavailing because Booker was not "based on a retroactive
> amendment to the Guidelines." *See United States v. Shaw*, 30 F.3d 26, 29 (5th
> Cir.1994). The district court did not abuse its discretion in denying Moore's
> motion for a reduction of sentence.

2009 WL 247826 at *1.

Further, to the extent that Chappell may be entitled to relief based on the Fifth Circuit's

decision in *Price*, § 3582(c)(2) does not provide the appropriate vehicle. Rather, if any relief is

available, Chappell must request that relief by filing a motion to vacate, set aside or reduce

sentence pursuant to 28 U.S.C. § 2255.[3]

---

[3]The Court expresses no opinion as to whether such a motion would be timely or would
have any substantive merit.

5

For the foregoing reasons, the Court determines that Chappell is not entitled to a reduction in his term of imprisonment and shall serve his current sentence of 292 months imprisonment.    MONROE, LOUISIANA, this ___19___ day of ___June___

_____, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE