RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 12/29/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No. 03-30013-03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARVIN CHAPPELL | MAG. JUDGE KAREN L. HAYES |

## MEMORANDUM ORDER

On March 17, 2004, Defendant Marvin Chappell ("Chappell") pled guilty to conspiracy to distribute 50 grams or more of crack cocaine. Following Chappell's plea, the Court held a hearing on July 22, 2005, and sentenced Chappell as a career offender under U.S.S.G. § 4B1.1 to 292 months imprisonment, within the range of imprisonment recommended under the United States Sentencing Commission's Guidelines ("the Guidelines"). A Judgment imposing that term of imprisonment was signed on July 25, 2005.

After amendments to U.S.S.G. § 2D1.1, the Guidelines for crack cocaine offenses, took effect in November 2007, the Court reviewed Chappell's case to determine if he should receive a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(2). Prior to reaching a decision, the Court solicited briefs from the Office of the Federal Public Defender on behalf of Chappell and from the Government. In his brief, Chappell argued that he was improperly sentenced as a career offender. One of his predicate offenses was for delivery of a controlled substance under Texas law, but after Chappell was sentenced, the Fifth Circuit ruled that delivery of a controlled substance in Texas includes an "offer to sell" and that an "offer to sell" is not a

controlled substance offense.[1] *United States v. Price*, 516 F.3d 285 (5th Cir. 2008). Chappell argued that he should not have been sentenced as a career offender under § 4B1.1, but under § 2D1.1, and, thus, he was entitled to a reduction in his term of imprisonment.

On June 19, 2009, the Court issued a Ruling [Doc. No. 280], rejecting Chappell's argument and finding that it had no authority under § 3582(c)(2) to reduce Chappell's term of imprisonment because he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Court further found that *United States v. Booker*, 543 U.S. 220 (2005), was inapplicable. Finally, to the extent that Chappell claimed entitlement to relief based on the Fifth Circuit's decision in *Price*, the Court found that § 3582(c)(2) does not provide the appropriate vehicle. "Rather, if any relief is available, Chappell must request that relief by filing a motion to vacate, set aside or reduce sentence pursuant to 28 U.S.C. § 2255." [Doc. No. 280, p. 5]. The Court expressed no opinion whether such a filing would be timely or would have merit. [Doc. No. 280, p. 5 n.2].

Chappell appealed the Court's Ruling and Judgment to the United States Court of Appeals for the Fifth Circuit, where it was affirmed on April 20, 2010. [Doc. No. 314]. In that Opinion, the Fifth Circuit also stated that Chappell could not use a § 3582(c)(2) motion to

---

[1]The Indictment charged that Price did "'knowingly and intentionally deliver, to wit: actually transfer, constructively transfer and offer to sell a controlled substance, to wit: COCAINE' in violation of section 481.112(a) of the Texas Health and Safety Code." *United States v. Price*, 516 F.3d 285, 288 (5th Cir. 2008). The definition of "drug trafficking offense" under the Guidelines "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)." *Id.* at 287 (quoting *United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir. 2007) (internal quotation marks and other citations omitted)). While the actual transfer (i.e. distribution), and perhaps the constructive transfer, of a controlled substance is a controlled substance offense, Price's Indictment left open the possibility that he was convicted for merely offering to sell a controlled substance. *Price*, 516 F.3d at 288-89.

"relitigate whether he is a career offender under § 4B1.1." [Doc. No. 314, p. 2].

On December 12, 2010, Chappell submitted the pending Motion to Alter or Amend Judgment Pursuant to Rule 60(b) [Doc. No. 317]. In that motion, Chappell makes the same arguments, but now contends that under the "Teague exception," he is entitled to relief from the Court's Judgment.

In *Teague v. Lane*, 489 U.S. 288, 301 (1989), the Supreme Court set forth analysis to determine whether a new constitutional rule of criminal procedure should be applied retroactively to cases on collateral review:

> First, the reviewing court must determine when the defendant's conviction became final. *Beard v. Banks*, 542 U.S. 406, 124 S.Ct. 2504, 2510, 159 L.Ed.2d 494 (2004). Next, the court must decide whether the rule in question is actually new. *Id.* Lastly, the court must determine whether the new rule falls into either of two exceptions to non-retroactivity. First, the non-retroactivity rule "does not apply to rules forbidding punishment 'of certain primary conduct [or to] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.' " *Id.* at 2513 (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989)). "The second exception is for watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* at 2506.

*United States v. Gentry*, 432 F.3d 600, 602-03 (5th Cir. 2005).

First, the *Price* decision did not establish a new constitutional rule of criminal procedure. Rather, *Price* established a new substantive rule. *See id.* at 603 ("Generally, substantive rules 'narrow the scope of a criminal statute by interpreting its terms' or 'place particular conduct or persons covered by [a criminal] statute beyond the State's power to punish.' ") (quoting *Schiro v. Summerlin*, 542 U.S. 348, 351-52 (2004)). Therefore, *Teague* is inapplicable.

Second, Chappell has stated no basis for relief under Federal Rule of Civil Procedure 60(b). Because Chappell is again attempting to challenge his underlying sentence, he must do so

by filing a petition under 28 U.S.C. § 2255. The Court can only assume that he has failed to file a § 2255 petition because it would be untimely if he filed the petition now, more than four years after his Judgment became final. *See* [Doc. No. 237]; *see also* 28 U.S.C. § 2255(f) ("1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

Accordingly,

IT IS ORDERED that Chappell's motion [Doc. No. 317] is DENIED.

MONROE, LOUISIANA, this ___28___ day of ___December___, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE