**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 03-30013** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MARVIN EUGENE CHAPPELL** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 by petitioner Marvin Eugene Chappell. The petition was signed by the petitioner on March 2, 2011, and received by this court on March 14, 2011,. Doc. # 321. For reasons stated below, it is recommended that the motion be **DENIED**.

### BACKGROUND

On March 17, 2004, Petitioner Marvin Eugene Chappell pled guilty to conspiracy to distribute 50 grams or more of crack cocaine.[1] Following petitioner's plea, the Court held a hearing on July 22, 2005, and sentenced petitioner as a career offender under U.S.S.G. § 4B1.1 to 292 months imprisonment, within the range recommended under the United States Sentencing Commission's Guidelines ("the Guidelines"). A Judgment imposing that term of imprisonment was signed on July 25, 2005. Doc. # 227.

Plaintiff filed a Notice of Appeal to the Fifth Circuit Court of Appeals on July 29, 2005. Doc. # 228. On September 19, 2006, the Fifth Circuit denied petitioner's appeal as frivolous.

After amendments to U.S.S.G. § 2D1.1, the Guidelines for crack cocaine offenses, took effect in November 2007, the Court reviewed petitioner's case to determine if he should receive a reduction in his term of imprisonment under 18 U.S.C. § 3582(c)(2). In an Order dated August

---

[1] Petitioner later attempted to withdraw his guilty plea, but District Judge Robert G. James denied his motion. Doc. Nos. 220 & 221.

11, 2008, Judge James determined that petitioner was not entitled to a reduction in his term of imprisonment. Doc. # 257. In his opposition to the Order, petitioner argued that he was improperly sentenced as a career offender. Doc. # 277. One of his predicate offenses was for delivery of a controlled substance under Texas law, but after petitioner was sentenced, the Fifth Circuit ruled that delivery of a controlled substance in Texas includes an "offer to sell" and that an "offer to sell" is not a controlled substance offense.[2] *United States v. Price*, 516 F.3d 285 (5th Cir. 2008). Petitioner argued that he should not have been sentenced as a career offender under § 4B1.1, but under § 2D1.1, and, thus, he was entitled to a reduction in his term of imprisonment.

On June 19, 2009, Judge James overruled petitioner's objections and determined that he was ineligible for a sentence reduction. Doc. # 280. In so ruling, Judge James noted that he lacked authority under § 3582(c)(2) to reduce petitioner's term of imprisonment, because petitioner was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.*, citing *United States v. Moore*, 308 Fed.Appx. 860, 2009 WL 247826 (5th Cir. Feb. 3, 2009). Judge James further noted that, to the extent that petitioner may be entitled to relief based on the Fifth Circuit's decision in *Price*, *supra*, § 3582(c)(2) is not the appropriate vehicle; rather, petitioner would need to request such relief in a motion to vacate, set aside or reduce sentence pursuant to 28 U.S.C. § 2255. *Id.*

On July 22, 2009, petitioner filed his Notice of Appeal of Judge James' ruling denying petitioner a sentence reduction. Doc. # 287. On May 17, 2010, the Fifth Circuit denied petitioner's appeal. Doc. # 314. Petitioner then filed a motion in this Court to alter or amend his judgment pursuant to Rule 60(B). Doc. # 317. Petitioner argued that being sentenced as a

---

[2] The Indictment charged that Price did "'knowingly and intentionally deliver, to wit: actually transfer, constructively transfer and offer to sell a controlled substance, to wit: COCAINE' in violation of section 481.112(a) of the Texas Health and Safety Code." *United States v. Price*, 516 F.3d 285, 288 (5th Cir. 2008). The definition of "drug trafficking offense" under the Guidelines "covers only the manufacture, import, export, distribution, or dispensing of a controlled substance (or possession with the intent to do any of these things)." *Id.* at 287 (quoting *United States v. Gonzales*, 484 F.3d 712, 714-15 (5th Cir. 2007) (internal quotation marks and other citations omitted)). While the actual transfer (*i.e.* distribution), and perhaps the constructive transfer, of a controlled substances is a controlled substance offense, Price's Indictment left open the possibility that he was convicted for merely offering to sell a controlled substance. *Price*, 516 F.3d at 288-89.

"'Career Offender' under § 4B1.1 is a unconstitutional sentence" based on *Price*, *supra*. *Id.*, p. 1. Petitioner further argued that he is entitled to relief from the Court's Judgment under the "Teague exception." *Id.*, p. 2.

On December 28, 2010, Judge James denied petitioner's motion to alter or amend his judgment, noting that *Price* did not establish a new constitutional rule of criminal procedure, but rather a new substantive rule. *United States v. Gentry*, 432 F.3d 600, 603 (5th Cir. 2005). Therefore, Judge James determined *Teague v. Lane*, 489 U.S. 288, 301 (1989) to be inapplicable to petitioner's argument. Doc. # 318.

Judge James also observed that petitioner had not stated a basis for relief under Federal Rule of Civil Procedure 60(b), inasmuch as petitioner continued to challenge his underlying sentence. *Id.* In order to raise such a challenge, petitioner should have filed a petition under 28 U.S.C. § 2255:

> The Court can only assume that he has failed to file a § 2255 petition because it would be untimely if he filed the petition now, more than four years after his Judgment became final. *See* [Doc. No. 237]; *see also* 28 U.S.C. § 2255(f) ("1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--(1) the date on which the judgment of conviction became final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.").

Doc. # 318.

Petitioner asserts the following grounds for relief:

(1)     Petitioner's "sentence was imposed in violation of the Constitution [or] laws of the United States." Doc. # 321.

(2)     Petitioner "challenge[s] the validity of his federal conviction and sentence as a career offender." *Id.*[3]

---

[3] On May 31, 2011, petitioner filed a "First Objection and Answer" in response to the Government's response to the underlying motion. Doc. # 329. In this document, petitioner alleges that he is "not contending that he should not have been sentence[d] under U.S.S.G. § 201.1, the guideline for crack cocaine..." Doc. # 329, p. 1.

## LAW AND ANALYSIS

### I.      Petitioner's Motion is Untimely Filed

In response to the motion, the government notes that the motion is untimely.  Pursuant to

28 U.S.C. § 2255, a § 2255 motion should be filed as follows:

> A one year period of limitation shall apply to a motion under this Section; the
> limitation period shall run from the latest of: (1) the date on which the judgment
> of conviction becomes final;  (2) the date on which the impediment to making a
> motion created by governmental action in violation of the Constitution or laws of
> the United States is removed, if the movant was prevented from making a motion
> by such governmental action; (3) the date on which the right asserted was initially
> recognized by the Supreme Court, if that right has been newly recognized by the
> Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could
> have been discovered through the exercise of due diligence.

At the time petitioner filed the pending motion, his conviction had been final for well

over a year.  Petitioner concedes as much in his motion.  *See* Doc. # 321.  Petitioner's

explanation for why the one-year statute of limitations does not bar his current motion is unclear;

petitioner argues that "[a]n illegal sentence can be open at anytime... [and] may be corrected at

anytime by the Court..."  Doc. # 321.  In his Supplemental Memorandum in Support of the

underlying motion, petitioner indicates that he is "factually innocent" of the crimes for which he

was charged, in that, "in light of all of the evidence as related to the sentence, that the trier of

facts would show that the petitioner's prior sentence is a simple possession and does not

constitute a controlled substance offense as to 4B1.1(A) of the Career Offender Statute."  *Salinas*

*v. United States*, 547 U.S. 188 (2006); *United States v. Nichols*; 2010LEXIS 114949 (D. Kan.

Oct. 28, 2010) [doc. # 326].  Petitioner further argues that he was not given "constitutional

notice" of the "new interpretation" of simple possession outlined in *Price*, *supra*.  *Id.*  Finally,

petitioner also contends that equitable tolling applies to the case *sub judice*.  *Id.*

---

Petitioner further asserts that *Teague v. Lane* is not a basis for his § 2255 motion, and petitioner objects to any
dismissal of petitioner's case on the basis of *Teague*, as it is "not the petitioner's argument."  *Id.* at p. 2 (citing
*Teague v. Lane*, 489 U.S. 288, 301 (1989)).  As the undersigned recommends dismissal of this motion on grounds
other than *Teague v. Lane*, petitioner's argument is moot.

4

As stated *supra*, the one-year period of limitation for filing a § 2255 motion usually begins to run on "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  Where, as here, the party seeking to challenge his sentence under a § 2255 did not file a petition for writ of certiorari with the Supreme Court as part of his direct appeal, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."  *Clay v. United States*, 537 U.S. 522, 525 (2003).  The time for filing a petition of certiorari expires ninety days after the entry of judgment by the federal court of appeals.  Sup.Ct.R. 13.1.

Petitioner's conviction became final 90 days after September 19, 2006, the date when the Fifth Circuit dismissed the defendant's appeal as frivolous.  Doc. # 237.  Petitioner's appeal of the denial of the motion to modify his sentence under § 3582(c)(2) did not affect the finality of the judgment, *United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001) (later modification to a sentence does not affect the date on which the judgment of conviction became final); *United States v. Jackson*, No. 09-CV-0025, 2010 WL 2522720 *2 (S.D. Miss. 6/15/2010) ("a sentencing reduction...does not deprive the underlying judgment of its finality for purposes of a collateral attack under 28 U.S.C. § 2255, and thus does not operate to restart the one-year limitations period applicable to such motions"); *see also United States v. Ticchiarelli*, 171 F.3d 24, 36 (1st Cir. 1999).[4]

---

[4] As noted by the Court in *U.S. v. Jackson*, Congress "specifically considered" whether a sentence reduction would affect a judgment's finality, and "concluded that it does not deprive an otherwise final judgment of its finality." 2010 WL 2522720 at *2.  18 U.S.C. § 3582(b) illustrates Congress' reasoning as follows:

(b) Effect of finality of judgment.-Notwithstanding the fact that a sentence to imprisonment can subsequently be-

(1) modified pursuant to the provisions of subsection (c);

(2) corrected pursuant to the provisions of rule 35 of the Federal Rules of Criminal Procedure and section 3742; or

(3) appealed and modified, if outside the guidelines range, pursuant to the provisions of section 3742;

a judgment of conviction that includes such a sentence constitutes a final judgment for all other

Petitioner's claim does not fall within any of the other provisions listed *supra*.  There was no impediment to petitioner's filing created by government action.  Insofar as petitioner seeks to argue that *Price* created a right "newly recognized by the Supreme Court," this is not the case, as *Price* has not been recognized by the Supreme Court and, furthermore, has not been made retroactively applicable to cases on collateral review.[5]

Finally, equitable tolling is inapplicable, as only "rare and exceptional circumstances" justify equitable tolling of the one-year limitation period of § 2255.  *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 1998); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000); *Fisher v. Johnson*, 174 F.3d 510, 513 (5th Cir. 1999).  The defendant has the burden to establish that equitable tolling is applicable.  *Phillips v. Donnell*, 216 F.3d 508, 511.  In order for equitable tolling to apply, the applicant must diligently pursue his relief.

Here, petitioner offers no evidence or circumstances that warrant equitable tolling, other than to state in a conclusory manner that it applies to his case.  As discussed *supra*, the *Price* decision is not retroactively applicable and thus, would not toll the running of the statute of limitations.  Even if tolling applied, petitioner's motion would still be untimely filed, as *Price* was decided on February 1, 2009, and petitioner did not file the instant motion until March 2, 2011–more than two years after *Price*.  Accordingly, it is recommended that petitioner's *habeas corpus* petition be **DENIED** on the grounds that it was untimely filed.

---

purposes.

§ 3582(b), then, "makes clear that a judgment [of] conviction is final **even though it can be appealed or modified**," *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir.1993) (quoting legislative history) (emphasis added); *see also United States v. Stossel*, 348 F.3d 1320, 1322 (11th Cir.2003) ("Section 3582(b)(3) is not a vehicle for obtaining a sentence modification, but merely defines finality.").

[5] In fact, not all appellate courts have followed the holding of *Price*; *see*, *United States v. Shumate*, where the Ninth Circuit held that a prior conviction for delivery of marijuana qualified as a predicate felony controlled-substance offense, even if the conduct involved mere solicitation of delivery of marijuana.  329 F.3d 1026 (9th Cir. 2003).

**CONCLUSION**

For the reasons stated above, it is recommended that petitioner's motion [doc. # 321] under 28 U.S.C. § 2255 be **DENIED** as untimely filed.  Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of June, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE