UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR. ACTION NO. 03-30013-03 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MARVIN EUGENE CHAPPELL | MAG. JUDGE KAREN L. HAYES |

MEMORANDUM ORDER

Pending before the Court is a letter motion filed by Defendant Marvin Chappell ("Chappell") [Doc. No. 366]. Chappell moves the Court for an order "CONFIRMING that I have been in federal custody since April 22, 2003 (4-22-2003) and should therefore be given prior jail credit as of the date of the issuance of your order from said date." [Doc. No. 366, p. 1].

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody. If a defendant wishes to challenge this calculation, he must first exhaust his available administrative remedies through the BOP before litigating in federal court. *See United States v. Wilson*, 503 U.S. 329, 335 (1992). Then the defendant may seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district in which he is incarcerated. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) ("A section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated.").

In this case, Chappell states that he has "recently been informed by BOP officials here at FCI Forrest City" that BOP records do not indicate that he has been in custody since April 22,

2003. Thus, he does not appear to have exhausted his remedies through the BOP. Once he has exhausted his remedies with the BOP, if Chappell is not satisfied with its determination, he can file a section 2241 petition in the appropriate federal district court where he is currently incarcerated.

    IT IS ORDERED that Chappell's motion [Doc. No. 366] is DENIED.

    To the extent that Chappell moves the Court for credit for time served in federal custody, the Court construes his letter motion as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and

    IT IS FURTHER ORDERED that the motion, as construed, is DENIED AND DISMISSED WITHOUT PREJUDICE to Chappell's right to re-file in the proper court after he has exhausted his administrative remedies.

    MONROE, LOUISIANA, this 13th day of February, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE