UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

UNITED STATES OF AMERICA                CASE NO. 3:03-CR-30013-03

VERSUS                                  JUDGE ROBERT G. JAMES

MARVIN CHAPPELL (03)                    MAGISTRATE JUDGE HAYES

## RULING

Before the Court is Defendant Marvin Chappell's Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA"). [*See* Doc. Nos. 415, 422]. Pursuant to his memorandum, Chappell moves the Court to reduce his sentence of 292 months incarceration and to reduce his ten-year term of supervised release. [Doc. No. 422 at 5]. While Chappell does not argue for a specific term of incarceration, he does ask the Court to deviate downward from the Sentencing Guideline range and impose a below-guideline sentence. As to his term of supervised release, he asks that it be reduced to eight years. The government opposes the motion, arguing: (1) Chappell is not eligible for relief under the FSA, and (2) even if the Court finds he is eligible for relief, it should exercise its discretion and deny relief based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). [Doc. No. 423 at 1]. For the following reasons, Defendant's motion is GRANTED, and the Court will REDUCE the sentence of imprisonment to 240 months, effective November 13, 2020, and will REDUCE the term of supervised release to eight (8) years.

## I.
### BACKGROUND

On April 23, 2003, Chappell and two co-defendants were named in a three count Indictment, charging various narcotics offenses. [Doc. No. 1]. Specifically, Chappell was charged with Conspiracy to distribute 50 grams or more of cocaine base (Count 1), Conspiracy to distribute

marijuana (Count 2), and Possession with ntent to Distribute 50 grams or more of cocaine base (Count 3). On March 9, 2004, the government filed an Information of Prior Narcotics Conviction pursuant to 21 U.S.C. § 851, asserting Chappell was subject to an enhanced penalty under 21 U.S.C. § 841 due to a 1994 conviction in the State of Texas for Possession of a Schedule II Controlled Dangerous Substance. [Doc. No. 103]. On March 17, 2004, Chappell pleaded guilty to Count 1. [Doc. No. 111]. At his plea hearing, Chappell admitted that his "role in the offense" was as follows: on September 30, 2002, he agreed to transport 268 grams of cocaine base from Texas to Louisiana in exchange for $600.[1] [Doc. No. 114 at 1, 3].

Chappell was sentenced on July 22, 2005. [Doc. No. 226]. Based upon the quantity of cocaine base set forth in Count 1, coupled with the § 851 Notice of Prior Conviction, Chappell faced a statutory mandatory minimum sentence of twenty years and a maximum of life in prison. Based upon his relevant conduct, the Presentence Report ("PSR") found Chappell accountable for 13,782 kilograms of marijuana, resulting in a Base Offense Level of 36. [PSR at ¶¶ 12, 19-20]. Due to two prior felony convictions for a crime of violence and a controlled substance offense, Chappell was deemed a career offender, and his Offense Level increased to 37. *Id.* at 26. After an adjustment for acceptance of responsibility, Chappell's Total Offense Level was 35. Chappell had six criminal history points, which ordinarily would establish a Criminal History Category of III. However, because he was deemed a career offender, he was adjusted to a Criminal History Category of VI. *Id.* at 39. Chappell's Total Offense Level of 35 and Criminal History Category of VI resulted in a sentencing guideline imprisonment range of 292-365 months. The Court imposed a sentence of 292 months of incarceration, to be followed by a ten-year term of supervised release. [Doc. No. 227].

## II.

---

[1] Lab results revealed the total weight of cocaine base was actually 235.52 grams. [PSR at ¶ 7].

## APPLICABLE LAW

At the time Chappell was sentenced, distribution of 50 grams or more of crack cocaine carried a mandatory minimum sentence of ten years and a maximum sentence of life imprisonment; however, if a defendant had a prior felony drug conviction, his mandatory minimum sentence increased to twenty years in prison. 21 U.S.C. § 841(b)(1)(A) (West 2003). The statute additionally mandated a five-year term of supervised release, enhanced to ten years if the defendant had a prior conviction for a felony drug offense. *Id*. On August 3, 2010, after more than two decades of substantial criticism from the Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act increased the quantity of crack cocaine required to trigger the ten-year mandatory minimum sentence from 50 grams to 280 grams. *Id.* at 269. The Fair Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Id.* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018 ("FSA"), Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). The First Step Act provides in relevant part:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.

> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id.*

## III.
### ANALYSIS

#### A. Whether Defendant is eligible for relief under the First Step Act

The government contends Chappell is ineligible for relief due to the amount of cocaine base attributed to him in the PSR as relevant conduct. [Doc. No. 423 at 6; *see also* PSR at ¶ 19]. In other words, the government contends it is the offense conduct that determines eligibility under the First Step Act, rather than the statute underlying a defendant's conviction and penalty. While the government "recognizes that this argument was recently rejected by the Fifth Circuit, it nevertheless makes the argument "to preserve it for future proceedings in this case." [Doc. No. 423 at 6]. The Court agrees with the government that this argument is now foreclosed by the Fifth Circuit. *United States v. Jackson*, 945 F.3d 315, 320 (5th Cir. 2019) ("[W]hether a defendant has a 'covered offense' under section 404(a) depends only on the statute under which he was convicted."); *see also United States v. Thompson*, 404 F.Supp.3d 1003, 1006-07, 1011 (W.D.La. 2019); *United States v. Curry*, 5:02-CR-50088, 2019 WL 6826528, at *3-4 (W.D. La. Dec. 13, 2019).

In this matter, the Court finds Chappell meets all requirements for eligibility under section 404 of the FSA: Chappell was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, his violation occurred before August 3, 2010, and Chappell has not filed a previous motion seeking First Step Act relief, nor was his sentence "previously imposed or

previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." Accordingly, the Court finds Chappell is eligible for relief under the First Step Act.

    **B.    Whether Relief is Warranted**

In determining the appropriate sentence, the Court has considered the statutory range, the applicable sentencing guidelines range, the sentencing factors set forth in 18 U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. Jackson*, 945 F.3d at 321-22; *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)).[2] Chappell was convicted of conspiracy to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). With the application of the 21 U.S.C. § 851 enhancement, his statutory sentencing range is ten years to life. The Court finds Chappell's sentencing guideline range remains 292 to 365 months incarceration.[3]

The government asserts the Court should exercise its discretion and deny relief, arguing the nature of Chappell's criminal history "heavily weighs against granting discretionary relief." [Doc. No. 423 at 3]. The government points to Chappell's 1981 conviction for aggravated rape, his 1985 conviction for Driving While Intoxicated committed less than one year after he was released on parole, and his 1994 conviction for Possession of a Schedule II Controlled Dangerous Substance. *Id.* at 1-3. The government notes Chappell committed the instant offense just over two

---

[2] *See also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP ACT*, p. 7, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited January 29, 2020) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

[3] Were the Court sentencing Chappell today, he would not be classified as a "career offender" under the sentencing guidelines, and his guideline range would be 110-137 months of imprisonment. [*See* Doc. No. 422 at 3-4 (citing *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016)); *id.* at nn.3-4; PSR at ¶ 35]. However, it appears the Court may not revisit the correctness of Chappell's career offender designation under the FSA. *See U.S. v. Hegwood*, 934 F.3d 414, 417-18 (5th Cir. 2019).

years after he was released on parole. *Id.* at 4. It further points out the instant offense was not a "youthful indiscretion," as Chappell "was well into middle age when he was arrested for trafficking the large amounts of crack in this case." *Id.* The government thus concludes Chappell's criminal history "demonstrates he was given many chances to choose a law abiding life and was the recipient of much leniency," which he squandered by continuing his "path of crime."[4] *Id.* at 3.

Chappell is now almost sixty years old and has served almost 17 years in prison on this offense. While the Court agrees with the government that the facts underlying Chappell's conviction for aggravated rape are disturbing, it must further be noted that Chappell was twenty years old at the time of that conviction. The Court agrees with Defense counsel that Chappell's role in the instant offense "was largely that of a mule" who drove narcotics from Texas to Louisiana, and that he sold "smaller, street-level quantities to individuals." [Doc. No. 422 at 3]. The Court notes the instant offense did not involve violence or weapons. The Court has additionally taken into account Chappell's struggles with addiction, his difficult upbringing, and the great strides towards rehabilitation he has made while incarcerated in the Bureau of Prisons. [*See* Doc. No. 422 at 4; Doc. No. 422-1]. Finally, the Court notes Chappell has had only four disciplinary events while incarcerated, with all but one occurring over ten years ago.[5]

---

[4] The government additionally contends a sentence reduction would cause an unwarranted sentencing disparity with similarly situated defendants "based on the over 600 grams of crack that he actually trafficked," and argues if Chappell were sentenced today, he "would not be able to identify any grounds for the extraordinary relief he is requesting." [Doc. No. 423 at 4, 5-6]. However, these arguments neglect the fact that since 2016, Defendant's with records similar to Chappell's are not designated "career offenders" under the sentencing guidelines and therefore are exposed to a guideline range of 110-137 months. *See* note 3, *supra*.

[5] Chappell was disciplined for phone abuse in 2006, having a dangerous weapon (a broom stick) and "hitting another inmate after he was attacked" in 2009, and possessing 19 small packets of tobacco and rolling papers in 2017. [Doc. No. 422-2].

The Court has additionally factored into its decision the sentence of Chappell's co-defendant, Kenneth Wines.[6] Wines, the "organizer" of this conspiracy, was convicted at trial on all three counts for which Chappell was indicted, as well as a fourth count for possession of a firearm in furtherance of a drug trafficking crime and was required to forfeit seven firearms found in his residence.[7] Like Chappell, Wines was subject to an enhanced sentence pursuant to § 851 due to a prior felony narcotics conviction. His criminal history was a Category IV. Wines was originally sentenced to a total term of imprisonment of 420 months (360 months on Counts 1-3 and 60 months, consecutive, on Count 4), but because he was not designated a career offender he has received the benefit of three sentence reductions due to retroactive amendments to the sentencing guidelines. After these reductions, his current sentence is 300 months (240 months on Counts 1-3 and 60 months, consecutive, on Count 4). Wines has a pending First Step Act motion, and all parties agree his current guideline range is 210 – 262 months on Counts 1 through 3, and 60 months on Count 4, to run consecutive to Counts 1 through 3.[8]

After consideration of the § 3553(a) factors, including the history and characteristics of Mr. Chappel, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment to 240 months is sufficient but not greater than necessary to comply with the purposes of sentencing. Such a

---

[6] The Court has also reviewed the facts underlying the ten-year sentence of Chappell's other co-defendant, Bernice Woodson. While Woodson certainly was higher up in the organization than Chappell, other considerations distinguish Woodson's sentence from that of Chappell and Wines. *See United States v. Bernice Lee Woodson*, Case No. 03-CR-30013-02 (W.D.La.), Doc. Nos. 193, 196.

[7] *See United States v. Kenneth Earl Wines*, Case No. 03-CR-30013-01 (W.D.La.), Doc. Nos. 1, 115, 170.

[8] *Wines*, Case No. 03-CR-30013-01 (W.D.La.), Doc. No. 421 at 2; Doc. No. 424 at 3.

sentence is a substantial prison term, commensurate with the crime Chappell committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era.[9] For the same reasons, the Court will reduce the term of supervised release to eight years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [Doc. Nos. 415, 422] is GRANTED, and the Court will issue an amended judgment reducing Chappell's term of incarceration to 240 months, effective November 13, 2020, and reducing his term of supervised release to eight years. The Court additionally RECOMMENDS that the Bureau of Prisons place Defendant in a Residential Reentry Center for the maximum portion of his final months of imprisonment as BOP deems appropriate, in order to afford Chappell "a reasonable opportunity to adjust to and prepare for [his] reentry . . . into the community." 18 U.S.C. § 3624(c)(1). Except as modified in this paragraph, all other provisions of the Judgment imposed on July 22, 2005 [Doc. No. 227] REMAIN in effect.

SIGNED this 18th day of February, 2020.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[9] According to a report by the United States Sentencing Commission, "courts often sentence [ ] offenders to the statutory mandatory minimum term of imprisonment regardless of the applicable guideline range." U.S. Sentencing Comm'n, *Mandatory Minimum Penalties for Drug Offenses in the Federal Criminal Justice System* (October 2017), p. 48, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171025_Drug-Mand-Min.pdf (last visited Jan. 29, 2020). Of all offenders eligible to receive a section 851 enhancement, Black offenders are disproportionately subjected to such enhancements at the time of sentencing when compared with all other races. U.S. Sentencing Comm'n, *Application and Impact of 21 U.S.C. § 851: Enhanced Penalties for Federal Drug Trafficking Offenders* (July 2018), pp. 7, 32-36, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2018/20180712_851-Mand-Min.pdf (last visited Jan. 29, 2020).