UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 03-30013-03 |
| VERSUS | JUDGE DONALD E. WALTER |
| MARVIN EUGENE CHAPPELL | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Before the Court is a motion for compassionate release filed pro se by the defendant, Marvin Eugene Chappell ("Chappell"). See Record Document 431. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Chappell. The Government opposes Chappell's motion. See Record Document 439. Based on the following, the motion for release is **DENIED** as premature.[1]

The compassionate release statute, as amended by the First Step Act on December 21, 2018, provides, in pertinent part:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that –
>
> (1) in any case –
>
> (A) the court, upon motion of Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

---

[1] In the alternative, Chappell requests release to home confinement. However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons. See 18 U.S.C. § 3621(b); United States v. Read-Forbes, No. 12-20099-01, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision.").

>conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
>>(i) extraordinary and compelling reasons warrant such a reduction. . . .

18 U.S.C. § 3582(c)(1)(A). The administrative exhaustion provision of the First Step Act is set out in mandatory terms and sets forth no exceptions to the statutory exhaustion requirement. Here, Chappell does not indicate if he has sought relief from the Bureau of Prisons prior to the filing of the instant motion, and the opposition filed by the Government contains an exhibit indicating that he has not requested any relief from the Bureau of Prisons.

Applying this statute, this Court finds that Chappell's motion is premature at this time. "The COVID-19 situation as it exists in the prison system does not, without more, establish that it is appropriate for the Court to accede to [the] request to jump over the procedure provided in the law on compassionate release. There is nothing extraordinary or compelling that convinces the court to ignore the requirement that [Chappell] first make his request to the Warden of the facility." United States v. Nathan Burl Cain, No. 1:17-CR-0204-01, at *4 (W.D. La. Apr. 8, 2020). As was well-stated by the Third Circuit:

>We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like [the instant defendant]. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp. Given [the Bureau of Prisons]'s shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance.

United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The proper course to follow is to allow the BOP's established process a chance to work.

2

Accordingly, Chappell's motion for compassionate release is **DENIED** as premature. Chappell may re-urge such motion if he exhausts his administrative remedies as required by Section 3582(c)(1)(A).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of June, 2020.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE