**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 03-30013-03

VERSUS                                      JUDGE DONALD E. WALTER

MARVIN EUGENE CHAPPELL                       MAGISTRATE JUDGE HAYES

**<u>MEMORANDUM ORDER</u>**

Before the Court is a second motion for compassionate release filed pro se by the defendant, Marvin Eugene Chappell ("Chappell"). <u>See</u> Record Document 449. The Federal Public Defender's Office notified the Court that its office would not be enrolling on behalf of Chappell. The Government opposes Chappell's motion. <u>See</u> Record Document 451. Based on the following, the motion for release is **DENIED**.

Chappell and two co-defendants were charged in a three-count indictment, charging various narcotics offenses. Specifically, Chappell was charged with conspiracy to distribute 50 grams or more of cocaine base, conspiracy to distribute marijuana, and possession with intent to distribute 50 grams or more of cocaine base. <u>See</u> Record Document 1. Prior to trial, the Government filed an Information of Prior Narcotics Conviction pursuant to 21 U.S.C. § 851, asserting Chappell was subject to an enhanced penalty due to a 1994 conviction in the State of Texas for Possession of a Schedule II Controlled Dangerous Substance. <u>See</u> Record Document 103. Chappell pleaded guilty to Count One, conspiracy to distribute 50 grams or more of cocaine base. <u>See</u> Record Document 111.

At sentencing, Chappell faced a statutory mandatory minimum sentence of twenty years of imprisonment. Based on the calculations contained in the presentence report, Chappell's sentencing guideline range was 292-365 months. He was sentenced to 292 months of

incarceration, to be followed by a 10-year term of supervised release.  <u>See</u> Record Document 227.

On February 18, 2020, following a motion for sentence reduction pursuant to Section 404 of the

First Step Act, Chappell's sentence was reduced to 240 months and his term of supervised release

was reduced to 8 years, effective November 13, 2020.[1]  <u>See</u> Record Documents 415 and 425-26.

Chappell is currently housed at Federal Correctional Complex Forrest City ("Forrest City") and he

has a projected release date of 2023.  He filed his first motion for compassionate release in this

Court on May 28, 2020, citing concerns related to the COVID-19 pandemic.  <u>See</u> Record

Document 431.  The motion was dismissed without prejudice as unexhausted.  <u>See</u> Record

Document 440.

On August 13, 2020, Chappel sent a letter to the Government that was filed into the record

as a renewed motion for compassionate release, indicating that he had received a response from

the warden.  <u>See</u> Record Document 449.  The warden denied Chappell's request for relief based

upon his prior criminal history and his prison disciplinary record.  <u>See</u> <u>id.</u> The Government

concedes that Chappell has exhausted his administrative remedies but maintains that his motion

fails on the merits.  <u>See</u> Record Document 451.  Specifically, the Government argues that Chappell

has not shown extraordinary and compelling circumstances justifying his early release.  The

Government further argues that Chappell is still a danger to the community and that the factors set

forth under 18 U.S.C. § 3553(a) counsel against his release.  <u>See</u> <u>id.</u>

A judgment, including a sentence of imprisonment, "may not be modified by a district

court except in limited circumstances." <u>Dillon v. United States</u>, 560 U.S. 817, 824, 130 S. Ct. 2683,

---

[1] In his ruling on the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act,
Judge Robert G. James also recommended "that the Bureau of Prisons place Defendant in a
Residential Reentry Center for the maximum portion of his final months of imprisonment as BOP
deems appropriate, in order to afford Chappell 'a reasonable opportunity to adjust to and prepare
for [his] reentry . . . into the community.'"  Record Document 425 at 8 (citing 18 U.S.C. §
3624(c)(1)).

2690 (2010).   Under 18 U.S.C. § 3582(c), a court generally "may not modify a term of imprisonment once it has been imposed," except:  (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).  Section 3852(c)(1)(A)(i) provides that a court may reduce a prisoner's sentence after administrative remedies have been exhausted "if it finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statement regarding compassionate release is consistent with the statute and provides, in pertinent part, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> > (1) (A) Extraordinary and compelling reasons warrant the reduction; . . .
> >
> > (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.   In the commentary following the policy statement, the Sentencing Commission identifies three specific reasons that are considered "extraordinary and compelling," as well as a broader provision for reasons deemed "extraordinary and compelling."

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.--

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13 cmt. n. 1.

    The defendant bears the burden to establish circumstances exist under which he is eligible

for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  See <u>United States v. Ennis</u>, No. 02-

1430, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release." (citing United States v. Stowe, No. 11-803, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019)); United States v. Wright, No. 16-214, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute.").  The Court finds that Chappell has failed to meet his burden that extraordinary and compelling reasons exist under 18 U.S.C. § 3582(c)(1)(A) to modify his prison sentence.   The statute requires extraordinary and compelling reasons that warrant a reduction and that such are "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3852(c)(1)(A)(i).  Chappell simply does not meet any of the criteria set forth in the policy statement.  He is not terminally ill or suffering from a serious physical or medical condition.[2]  He is also not over 65 years of age.  Moreover, Chappell does not allege or provide evidence that he is suffering from a serious functional or cognitive impairment, is experiencing deteriorating physical or mental health because of the aging process, or is experiencing dire family circumstances.

The Court has also looked at the presence of COVID-19 at the Forrest City facility. There are two inmates and ten staff members who are currently testing positive out of 1,771 total

---

[2] Other than his generalized concerns regarding COVID, Chappell also asserts that his high blood pressure qualifies him for compassionate release.   However, he has not provided any documentation of this medical condition and, therefore, cannot meet his burden.  See United States v. Aguila, No. 16-46, 2020 WL 1812159, at *2 (E.D. Cal. Apr. 9, 2020) ("Although Defendant claims he has high blood pressure, high cholesterol, sleep apnea, and diabetes, Defendant fails to provide evidence to verify these claims.").  Chappell's conclusory allegations regarding his alleged condition do not suffice and would not have sufficed even if properly supported.

inmates.[3] http://www.bop.gov/coronavirus (last updated 9/23/2020).  Courts have held that "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  See, e.g., United States v. Clark, No. 17-85, 2020 WL 1557397, at *6 (M.D. La. Apr. 1, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .")  (quoting United States v. Eberhart, No. 13-313, 2020 WL 1450745 (N.D. Cal. Mar. 25, 2020));  United States v. Mazur, No. 18-68, 2020 WL 2113613, at *1, 3-4 (E.D. La. May 4, 2020) (holding that extraordinary and compelling reasons to grant compassionate release were not present for a prisoner diagnosed with myeloid leukemia and hypertension despite twenty-five percent of the inmate population testing positive for COVID-19).  Chappell has not alleged or shown that inmates are not receiving adequate medical attention if they contract the virus.  Additionally, Chappell has not shown that the BOP is unable to adequately manage the COVID situation.  This Court cannot equate the generalized fear of COVID-19 to an extraordinary and compelling reason to support compassionate release, nor will it undermine BOP's criteria to determine eligibility for sentence reductions or home confinement.[4]  Therefore, the Court finds that Chappell has not met his burden.

---

[3] No inmates or staff have died from the virus.  However, there are 662 inmates and 4 staff who have recovered from the virus.  www.bop.gov/coronavirus (last updated 9/23/20).

[4] In the alternative, Chappell appears to request release to home confinement.  However, this request is also **DENIED**, as the decision on whether to release an inmate to home confinement is within the exclusive purview of the Bureau of Prisons ("BOP").  See 18 U.S.C. § 3621(b); United States v. Read-Forbes, No. 12-20099-01, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020) ("While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the Court lacks jurisdiction to order home detention under this provision."); United States v. Rodriguez, No. 15-198, 2020 WL 5369400, at *3 (E.D. La. Sept. 8, 2020).

The Court further finds that even if Chappell demonstrated "extraordinary and compelling conditions," he remains a danger to the safety of others and his community, which the Court must consider under United States Sentencing Guideline § 1B1.13(2).  The Court finds that Chappell has not demonstrated that he will not be a threat to others or the community if released.  First, Chappell was sentenced for conspiracy to distribute fifty grams or more of cocaine base.  Second, Chappell has a criminal history, albeit from over twenty years ago, that includes a conviction for aggravated rape, a conviction for driving while intoxicated committed less than one year after he was released on parole, and a conviction for possession of a Schedule II controlled dangerous substance.  In addition, the offense for which Chappell is currently incarcerated was committed just over two years after he was released on parole and was committed when Chappell was in his forties.  See Mazur, 2020 WL 2113613, at *4 (noting that even if defendant's circumstances "presented extraordinary and compelling reasons to grant compassionate release," his history of attempted manslaughter, possession of controlled substances, and a misdemeanor for domestic abuse battery demonstrates that he is a danger to the community). Third, even while serving his current sentence, Chappell continues to violate BOP policies and has incurred a number of disciplinary sanctions while in custody, although admittedly, with all but one occurring over ten years ago.  Regardless, and in light of the above, the Court concludes that Chappell remains a danger to others and his community.

The Court shares Chappell's concerns about the effect of COVID-19 in the prison setting. However, those concerns are not being ignored by the BOP or this Court.  The BOP is taking action to address COVID-19 concerns in its facilities. Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, "expand[s] the cohort of inmates who can be considered for home release."  The BOP is currently reviewing prisoners to determine if temporary release to home confinement or some other type of release, removal, or

furlough is appropriate, under the standards issued by the CDC on which persons are at heightened risk.    The BOP has released 7,645 prisoners to home confinement under its process. https://www.bop.gov/coronavirus/(last updated 9/23/2020).

For the foregoing reasons, **IT IS ORDERED** that Chappell's motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 23rd day of September, 2020.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

8